# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF WEST VIRGINIA AT BLUEFIELD

**FEDERAL DEPOSIT INSURANCE CORPORATION, AS RECEIVER FOR AMERIBANK, INC.**

**Plaintiff,**

**v.** **Civil Action No. 1:12-7050**

**JACK A. BALDINI; DAVID G. COGSWELL; LOUIS J. DUNHAM; MICHAEL O'BRIEN; and JAMES SUTTON,**

**Defendants.**

## DEFENDANTS' DAVID G. COGSWELL, LOUIS J. DUNHAM, AND MICHAEL O'BRIEN'S MOTION TO DISMISS

**COME NOW,** the Defendants, David G. Cogswell, Louis J. Dunham, and Michael O'Brien, ("Dunham Group"), by counsel, Rebecca Betts, John D. Hoblitzell III, and the law firm of Kay Casto and Chaney PLLC, and move this Court, pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, to dismiss Plaintiff's Complaint against them on the following grounds:

### 1: Plaintiff Fails to State a Claim Upon Which Relief Can be Granted for Negligence and Breach of Fiduciary Duty Based on Negligence.

Liability of Bank officers and directors to the Federal Deposition Insurance Corporation ("FDIC) is governed by the Financial Institutions Reform and Recovery Act of 1989. ("FIRREA"). Specifically FIRREA, in 12 U.S.C. §1821(k) provides:

> A director or officer of an insured depository institution may be held personally liable for monetary damages in any civil action by, on behalf of, or at the request or direction of the Corporation, which action is prosecuted wholly or partially for the benefit of the Corporation—

> (1) acting as conservator or receiver of such institution,
>
> (2) acting based upon a suit, claim, or cause of action purchased from, assigned by, or otherwise conveyed by such receiver or conservator, or
>
> (3) acting based upon a suit, claim, or cause of action purchased from, assigned by, or otherwise conveyed in whole or in part by an insured depository institution or its affiliate in connection with assistance provided under section 1823 of this title,
>
> for gross negligence, including any similar conduct or conduct that demonstrates a greater disregard of a duty of care (than gross negligence) including intentional tortious conduct, as such terms are defined and determined under applicable State law. Nothing in this paragraph shall impair or affect any right of the Corporation under other applicable law.

12 U.S.C.A. § 1821(k).

This statute provides a minimum standard of liability. If state law provides a stricter standard, such as simple negligence, state law applies. *See Atherton v. F.D.I.C.*, 519 U.S. 213, 216, 117 S. Ct. 666, 669 (1997). In this case, Florida law governs the liability of the Dunham Group to the FDIC. Under Florida law, Bank officers and directors are only liable for gross negligence, not ordinary negligence. Therefore, Plaintiff, as a matter of law, fails to state a claim upon which relief can be granted for negligence and breach of fiduciary duty based on negligence, and Plaintiff's negligence claims and breach of fiduciary duty based on negligence claims set forth in Counts I and III of its Complaint must be dismissed, with prejudice.

**2. Plaintiff has Failed to State a Claim Upon Which Relief can be Granted for Gross Negligence.**

Plaintiff's claims in this case all arise out of the Bank's loans to Bristol Home Mortgage Lending, LLC., d/b/a LendingOne ("Bristol"). With respect to the gross negligence claims asserted in Count II, Plaintiff's allegations against the Dunham Group are that they "allowed Bristol to exercise unchecked control over a substantial volume of the Bank's loan production and lending functions...," and that with respect to the Bristol relationship, the Dunham Group

exhibited "utter disregard" of prudence and "complete neglect" of the soundness of the Bank's lending operations (Compl. ¶¶146-147). Further, it alleges the Dunham Group ignored Office of Thrift Supervision ("OTS") warnings about the Bristol relationship and failed to supervise that relationship. (*Id*. at ¶148).

Integral to these claims are Plaintiff's allegations that the Dunham Group ignored and disregarded warnings from OTS. Plaintiff specifically references four OTS Reports of Examination in its Complaint during the time the Dunham Group was at the Bank that it alleges were ignored or disregarded. (*See* Compl. ¶¶78-86). However, when these reports are actually looked at, it is clear that OTS repeatedly approved of and blessed the Bank's relationship with Bristol and the Dunham Group's management of that relationship. The five reports are:

1. April 12, 2004 Melded Federal Regular; (attached hereto as **Exhibit 1);**
2. March 7, 2005 risk-focused Field Visit to Florida Branch; (attached hereto as **Exhibit 2**);
3. July 5, 2005 Comprehensive Federal Exam; (attached hereto as **Exhibit 3**); and
4. August 8, 2006 risk-focused Field Visit; (attached hereto as **Exhibit 4**)[1]

These reports show that the Dunham Group was effectively monitoring and managing the risks associated with the Bristol loan portfolio, and was responsive to and followed OTS recommendations regarding that risk. As such, Plaintiff's allegations of gross negligence are conclusory legal allegations that are not supported by sufficient factual allegations to show a plausible claim for relief. Plaintiff's gross negligence and breach of fiduciary duty claims based

[1] In assessing a Motion to Dismiss, "the court may consider documents attached to the Complaint…as well as those attached to the motion to dismiss, 'so long as they are integral to the complaint and authentic.'" *Corbett v. Duerring*, 780 F. Supp. 2d 486, 492 (S.D. W.Va. 2011)(citing *Blankenship v. Manchin*, 471 F.3d 523, 526 n. 1 (4th. Cir. 2006)); *see also American Chiropractic Ass'n v. Trigon Healthcare, Inc*., 367 F.3d 212, 234 (4th. Cir. 2004)("…we have held that when a defendant attached documents to a motion to dismiss, 'a court may consider it in determining whether to dismiss the complaint [if] it was integral to and explicitly relied on in the complaint and [if] the plaintiffs do not challenge its authenticity.'")

on gross negligence in Counts II and II of its Complaint must also be dismissed, with prejudice.

Defendants' grounds in support of their Motion are set forth in the attached Memorandum of Law[2].

WHEREFORE, for the reasons set forth herein, and in the attached Memorandum of Law, Defendants, David G. Cogswell, Louis J. Dunham, and Michael O'Brien respectfully request that this Honorable Court grant their Motion and dismiss Plaintiff's claims against them, with prejudice, award them their costs and expenses incurred in defending this action, and grant them any other relief that the Court deems appropriate.

**Respectfully Submitted by:**

**DAVID G. COGSWELL, LOUIS J. DUNHAM, and MICHAEL O'BRIEN, By Counsel,**

/s/Rebecca Betts, Esq.

Rebecca Betts, Esq. (WV State Bar No. 329)
John D. Hoblitzell III, Esq. (WV State Bar No. 9346)
Kay Casto and Chaney PLLC
P.O. Box 2031
Charleston, WV 25327-2031
telephone: (304) 345-8900
facsimile: (304) 345-8909
*Counsel for Louis J. Dunham, David G. Cogswell, and Michael O'Brien*

[2] Also attached hereto as **Exhibit 5** is an Order from the United States District Court for the Northern District of Georgia in *FDIC v. Skow, et al.*, Case No. 1:11-cv-00111-SCJ, Doc. # 84 (N.D. Ga. Feb. 27, 2012).

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF WEST VIRGINIA AT BLUEFIELD**

**FEDERAL DEPOSIT INSURANCE CORPORATION, AS RECEIVER FOR AMERIBANK, INC.**

**Plaintiff,**

**v.** **Civil Action No. 1:12-7050**

**JACK A. BALDINI; DAVID G. COGSWELL; LOUIS J. DUNHAM; MICHAEL O'BRIEN; and JAMES SUTTON,**

**Defendants**

**CERTIFICATE OF SERVICE**

I hereby certify that on this **14th** day of **January, 2013**, I electronically filed the forgoing "**DEFENDANTS' DAVID G. COGSWELL, LOUIS J. DUNHAM, AND MICHAEL O'BRIEN'S MOTION TO DISMISS***"* with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following CM/ECF participants:

Michael F. Gibson, Esq. (WV State Bar No. 1379)
Gibson, Lefler & Associates
1345 Mercer Street
Princeton, WV 24740
telephone: (304) 425-8276
facsimile: (304) 487-1574
gla@citlink.net
*Counsel for Plaintiff*

*and*

Frederick J. Springer, Esq. (FL. State Bar No. 982164)
Elizabeth W. Neiberger, Esq. (FL. State Bar No. 0070102)
Bryant Miller Oliver, P.A.
101 N. Monroe Street, Suite 900
Tallahassee, FL 32301
telephone: (850) 222-8611

facsimile (850) 222-8969
fspringer@bmolaw.com
eneiberger@bmolaw.com
*Counsel for Plaintiff*

Michael W. Carey, Esq. (WV State Bar No. 635)
Carey, Scott & Douglas, PLLC
P.O. Box 913
Charleston, WV 25323-0913
telephone: (304) 345-1234
facsimile: (304) 342-1105
mwcarey@csdlawfirm.com
*Counsel for James M. Sutton*

*and*

Matthew P. Bosher, Esq. (VA State Bar No. 75894)
Hunton & Williams, LLP
Riverfront Plaza, East Tower
951 East Byrd Street
Richmond, VA 23219
telephone: (804) 788-8200
facsimile: (804) 788-8218
mbosher@hunton.com
*Counsel for James M. Sutton*

Floyd E. Boone, Jr. Esq. (WV State Bar No. 8784)
Julia A. Chincheck, Esq. (WV State Bar No. 718)
J. Mark Adkins, Esq. (WV State Bar No. 7414)
Bowles Rice LLP
P.O. Box 1386
Charleston, WV 25325-1386
telephone: (304) 347-1100
facsimile: (304) 343-2867
fboone@bowlesrice.com
jchincheck@bowlesrice.com
madkins@bowlesrice.com
*Counsel for Jack A. Baldini*

**DAVID G. COGSWELL,**
**LOUIS J. DUNHAM, and MICHAEL O'BRIEN,**
**By Counsel,**

_______/s/Rebecca Betts, Esq.__________

Rebecca Betts, Esq. (WV State Bar No. 329)
John D. Hoblitzell III, Esq. (WV State Bar No. 9346)
Kay Casto and Chaney PLLC
P.O. Box 2031
Charleston, WV 25327-2031
telephone: (304) 345-8900
facsimile: (304) 345-8909
*Counsel for Louis J. Dunham, David G. Cogswell, and Michael O'Brien*